# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERETHA B. HARRIS,<br>Appellant, | DOCKET NUMBER<br>AT-0752-16-0241-I-5 |
| v. | |
| DEPARTMENT OF LABOR,<br>Agency. | DATE: August 2, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Vaughn</u>, Esquire, Decatur, Georgia, for the appellant.

<u>Jean Abreu</u>, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's affirmative defenses under the applicable statutes—i.e., the Age Discrimination in Employment Act of 1967 (ADEA), Title VII of the Civil Rights Act of 1964 (Title VII), and the Rehabilitation Act of 1973—we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant was not prejudiced by the administrative judge's decision not to address the charges of excessive absences and absence without leave (AWOL).</u>

The appellant argues on review that the administrative judge erred in declining to address the charges of excessive absences and AWOL. Petition for Review (PFR) File, Tab 1 at 9. However, assuming without deciding that the administrative judge erred on this point, an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). We discern no error in the administrative judge's finding that the agency proved the charge of medical inability to perform, and that the sustained charge warrants removal.[2] Hence, the administrative judge's failure to address the

---

[2] To the extent the appellant disagrees with the administrative judge's findings on these issues, her mere disagreement with his findings provides no basis for further review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a

agency's alternative grounds for removal could not have worked to the appellant's disadvantage. *See Katchmeric v. Office of Personnel Management*, 33 M.S.P.R. 118, 122 (1987) (finding that the appellant was not prejudiced by the administrative judge's failure to address one of the two charges underlying a suitability determination when the remaining charge was sufficient to establish that the appellant was unsuitable for Federal employment). Moreover, the agency does not argue on review that the administrative judge erred in declining to address the charges of excessive absences and AWOL. PFR File, Tab 6 at 9. Because we discern no error in the administrative judge's finding that the appellant's medical inability to perform is a sufficient basis for her removal, it is unnecessary to address the remaining charges. *See Buelna v. Department of Homeland Security*, 121 M.S.P.R. 262, ¶¶ 1-2, 5, 11, 36 (2014) (sustaining the appellant's indefinite suspension based on the suspension of his security clearance when neither the administrative judge nor the full Board addressed the merits of the agency's remaining charge, and the agency did not object to the omission).

The appellant did not establish her affirmative defenses.

The appellant's affirmative defenses fall within the scope of three distinct antidiscrimination statutes: the ADEA (retaliation); Title VII (retaliation); and the Rehabilitation Act (failure to accommodate, disparate treatment, and retaliation). We address each statute in turn.

*ADEA: retaliation*

To prove a claim of retaliation for activity protected under the ADEA, an appellant must show that her protected activity was a motivating factor in the agency's action or decision.[3] *Nita H. v. Department of the Interior*, EEOC

---

whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

[3] Although the administrative judge failed to inform the appellant that her EEO retaliation claims were covered in part by the ADEA, he did notify the appellant of what she needed to do to establish that her EEO activity was a motivating factor in her

Petition No. 0320110050, 2014 WL 3788011, at *10 n.6 (July 16, 2014). While the appellant's formal equal employment opportunity (EEO) complaints included claims of age discrimination and are thus covered under 29 U.S.C. § 633a(a), she has not adduced evidence to support a conclusion that these activities were a motivating factor in the agency's decision to remove her. The appellant instead points to the fact that the agency proposed her removal on October 21, 2015, the day after she complained to the Atlanta Police that she was being "stalked, harassed, retaliated and watched by management, co-workers, non-coworkers and even building management." PFR File, Tab 1 at 18. However, the appellant has not specifically alleged that the October 20, 2015 police complaint, or her complaint to management earlier that month, involved claims that the agency violated the ADEA or any other antidiscrimination statute. Accordingly, we conclude that the appellant has not established a claim of unlawful retaliation under the ADEA.

*Title VII: retaliation*

The substantive standard for Title VII claims in the Federal sector is set forth in 42 U.S.C. § 2000e-16, which provides that personnel actions by Federal agencies "shall be made free from any discrimination based on race, color, religion, sex, or national origin." To prove a claim of retaliation under this section, an appellant must show that her protected activity was a motivating factor in her removal. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 30.

As with the appellant's ADEA claims, we again conclude that the appellant did not show that protected Title VII activity was a motivating factor in her removal. The appellant's formal EEO complaints included claims of discrimination and retaliation in violation of Title VII; however, as previously

removal. *Harris v. Department of Labor*, MSPB Docket No. AT-0752-16-0241-I-5, Appeal File, Tab 6 at 14-16. Hence, the appellant was not prejudiced by the administrative judge's failure to specifically address the ADEA.

stated, she has not provided evidence that these complaints were a motivating factor in her removal. The appellant has also not specifically alleged that her October 2015 complaints to management and the Atlanta Police involved alleged Title VII violations. Accordingly, we agree with the administrative judge's ultimate finding that the appellant did not establish her affirmative defense of retaliation in violation of 42 U.S.C. § 2000e-16.

*Rehabilitation Act: failure to accommodate*

Under the Rehabilitation Act, an agency is required to provide reasonable accommodation to a qualified individual with an actual disability or a record of a disability. *See* 29 C.F.R. § 1630.2(*o*)(4). To prove disability discrimination based on failure to accommodate, the employee must show that (1) she is an individual with an actual disability[4] or a record of a disability, as defined by 29 C.F.R. § 1630.2(g); (2) she is a qualified[5] individual with a disability, as defined by 29 C.F.R. § 1630.2(m); and (3) the agency failed to provide a reasonable accommodation. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014) (citing *Emory v. Environmental Protection Agency*, EEOC Appeal No. 0120112078, 2013 WL 3435860, at *9 (June 27, 2013)).

We agree with administrative judge that the appellant's reasonable accommodation claim is barred by collateral estoppel. Under the doctrine of collateral estoppel, once an adjudicatory body has decided a factual or legal issue necessary to its judgment, that decision may preclude relitigation of the issue in a case concerning a different cause of action involving a party to the initial case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Collateral estoppel is appropriate

---

[4] We assume without deciding that the appellant has an actual disability, i.e., a physical or mental impairment that substantially limits one or more major life activities. *See* 29 C.F.R. § 1630.2(g).

[5] With exceptions not applicable here, the term "qualified" means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position the individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position. 29 C.F.R. § 1630.2(m).

when the following conditions are met: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party or as one whose interests were otherwise fully represented in that action. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

Here, the dispositive issue of whether the agency denied the appellant reasonable accommodation has already been litigated in district court.[6] In granting the defendant's motion for summary judgment with respect to the appellant's Rehabilitation Act claim, the magistrate judge found, and the district court ultimately agreed, that the agency provided reasonable accommodation by offering her reassignment to the GS-9 Administrative Specialist position, which the appellant declined, and that the appellant had "not identified any other reasonable accommodation that would have allowed her to perform the essential functions of her job."[7] *Harris v. Department of Labor*, MSPB Docket No. AT-0752-16-0241-I-5, Appeal File, Tab 9 at 150. That finding was necessary to the resulting judgment, which was made final by the district court, and the appellant had a full and fair opportunity to litigate the issue. Hence, the elements of collateral estoppel are satisfied, and we affirm the administrative judge's finding that the appellant failed to establish that she was denied reasonable accommodation.

[6] With respect to all of the appellant's remaining claims, whether under the ADEA, Title VII, or the Rehabilitation Act, we agree with the appellant that the doctrine of collateral estoppel is inapplicable because the appellant's removal was not at issue in the district court proceeding. *See Hau*, 123 M.S.P.R. 620, ¶ 13.

[7] While the district court did not specifically address the October 1, 2015 letter from the appellant's licensed professional counselor, the counselor's suggested accommodation of full-time telework was identical to the accommodation the appellant had previously requested. *Harris v. Department of Labor*, MSPB Docket No. AT-0752-16-0241-I-1, Initial Appeal File, Tab 7 at 192.

*Rehabilitation Act: disparate treatment*

We next consider the appellant's claim of disability discrimination on a theory of disparate treatment. To prove a disparate treatment disability discrimination claim, an appellant must show that her disability was a motivating factor in the action on appeal. *Pridgen*, 2022 MSPB 31, ¶ 40.

Although the administrative judge did not have the benefit of *Pridgen*, we find that he reached the correct conclusion in finding that the appellant did not establish her claim of disparate treatment based on her status as an individual with a disability. In support of her claim of disparate treatment, the appellant relies entirely on her allegation that two employees who were not disabled were permitted to telework, while the appellant was not. PFR File, Tab 1 at 16. However, as the administrative judge noted, the record contains no evidence that the two employees in question were allowed to telework on a permanent, full-time basis, as the appellant requested. In the absence of such evidence, we conclude that the appellant did not show that her status as an individual with a disability was a motivating factor in the agency's decision to remove her.

*Rehabilitation Act: retaliation*

To prove a claim of retaliation under the Rehabilitation Act, the appellant must show that retaliation was a but-for cause of the agency's action or decision. *Pridgen*, 2022 MSPB 31, ¶¶ 46-47. In other words, to establish a violation of 42 U.S.C. § 12203(a), the appellant must show not merely that her protected activity was a motivating factor in the contested action, but that the agency would not have taken the action in the absence of her protected activity. Although the administrative judge did not have the benefit of *Pridgen*, and did not apply the but-for causation standard to this claim, this does not affect the outcome. Because the appellant did not prove motivating factor causation, she necessarily did not prove but-for causation. *See Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32. Similarly, as discussed above, the appellant has not shown that her EEO complaints were a motivating factor in her removal, or that her

October 2015 complaints to agency management and the Atlanta Police contained allegations that the agency violated antidiscrimination statutes.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.